City Court of New York, Special Term. Action by Nellie M. Hayes against Bertram Borden. From an order in favor of plaintiff, defendant appeals. Modified. See, also, 119 N. Y. Supp. 156. W. C. Low, for appellant. E. I. S. Hart, for respondent.

PER CURIAM. Order modified, by allowing the consent and order of discontinuance to be vacated upon payment by the plaintiff to the defendant of all the taxable costs and disbursements of the action, as of an issue brought to trial, including the trial fee, to be taxed by the clerk of the court below within five days of the date of service of a copy of this order and notice of entry thereof upon plaintiff's attorney, together with $10 costs and the disbursements of this appeal, and, further, that in the event that the plaintiff should fail to pay the said costs and disbursements to the defendant within five days after the said taxation of the costs above referred to, the order will be reversed, with $10 costs and disbursements of this appeal.

LEHMAN, J., votes for reversal.

HAYES v. MARX et al. (Supreme Court, Appellate Division, First Department. March March 31, 1910.) Action by Augustus L. Hayes against Jacob Marx, impleaded with others. No opinion. Motion denied, with $10 costs. Order filed.

HEATH, Appellant, v. HAGGERTY, Respondent. (Supreme Court, Appellate Division, Second Department. March 4, 1910.) Action by Carlos Heath against Frank L. Haggerty.

PER CURIAM. Judgment of the Municipal Court reversed, and a new trial ordered, costs to abide the event, on the ground that it was not essential to the plaintiff's cause of action to prove the value of the chattel which he had replevied, and which was still in his possession.

HEATON, Respondent, v. VILLAGE OF CHESTER, Appellant. (Supreme Court, Appellate Division, Second Department. March 4, 1910.) Action by Stephen B. Heaton against the Village of Chester. No opinion. Judgment affirmed, with costs, upon the opinion of Mr. Justice Tompkins at Special Term. 59 Misc. Rep. 558, 111 N. Y. S. 725.

HEBBERD, Respondent, v. SCHWARTZ, Appellant. (Supreme Court, Appellate Division, Second Department. March 4, 1910.) Action by Robert Hebberd, Commissioner of Public Charities, etc., on complaint of Hannah Spangenberg, against Samuel Schwartz. No opinion. Motion to dismiss appeal granted, with $10 costs, unless the appellant perfect his appeal, place the same upon the present calendar of this court, and be ready for argument when reached.

In re HEINE SAFETY BOILER CO. (Supreme Court, Appellate Division, Third Department. March 9, 1910.) In the matter of the application of the Heine Safety Boiler Company for a writ of mandamus requiring the Franklin Boiler Works Company to allow an inspection of its books.

PER CURIAM. Order reversed, with costs, and application granted, unless the respondent, within 30 days after service of a copy of this order, shall make and deliver to relator a statement of its affairs under oath, embracing a particular account of all its assets and liabilities, in which case order is modified by striking therefrom the award of costs, and as modified, affirmed, without costs.

KELLOGG, J., votes for affirmance.

HEINTZ, Appellant, v. CONTINENTAL CASUALTY CO., Respondent. (Supreme Court, Appellate Division, Fourth Department, January 12, 1910.) Action by Jacob C. Heintz against the Continental Casualty Company. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs. See, also, 119 N. Y. Supp. 1128.

HEITER v. JOLINE et al. (Supreme Court, Appellate Division. First Department. March 11, 1910.) Action by Emily Heiter, an infant against Adrian H. Joline and others as receivers (see, also, 135 App. Div. 13, 119 N. Y. Supp. 819). With this case has been consolidated in this court cases bearing titles as follows: Charles Lehman-Charley v. Herman De Selding (see, also, 120 N. Y. Supp. 501, 1117); Lewis M. Isaacs et al. v. Haines Realty Corporation; Oscar Hammerstein v. New York Press Company (see, also, 121 N. Y. Supp. 16); Charles F. Muller et al. v. Jacob Brodie et al; Same v. Louis Silverman et al. No opinions. Motions denied, with $10 costs. Orders filed.

HERZOG, Respondent, v. MARX et al., Appellants. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Alexander Herzog against Simon Marx and others. E. Fixman, for appellants. J. Zapinsky, for respondent. No opinion. Judgment affirmed, with costs. Order filed. See, also, 58 Misc. Rep. 356, 110 N. Y. Supp. 1039.

HILL, Respondent, v. WEISENBERGER, Appellant. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Anna Hill against Kate Weisenberger. H. H. Harris, for appellant. C. Caldwell, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs. Order filed.

HIRSCH v. PARSHELSKY et al. (Supreme Court, Appellate Division, Second Department. March 4, 1910.) Action by Felix Hirsch against Isaac Parshelsky and others. No opinion. Order affirmed, with $10 costs and disbursements.

HOEFLE, Appellant, v. HALLANAN, Respondent. (Supreme Court, Appellate Division, First Department. March 11, 1910.) Action

by J. Frederick Hoefle against Annie Hallanan. F. Bien, for appellant. H. C. Allen, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

HOLLANDER v. BLAUSTEIN. (Supreme Court, Appellate Division, First Department. February 11, 1910.) Action by David Hollander against Sam Blaustein. With this case has been consolidated in this court cases bearing titles as follows: Metropolitan Life Ins. Co. v. Leo Feinberg; Henry C. Meyer v. Spangenberg & McLean Company; Solomon May v. Frank Breunig et al. (see, also, 120 N. Y. Supp. 98); Wyckoff, Church & Partridge v. Lansden Company (see, also, 112 N. Y. Supp. 1052). No opinions. Applications to appeal from Appellate Term denied, with $10 costs. Orders signed.

HOLLISTER, Respondent, v. BARKER, Appellant. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Frank C. Hollister against Charles B. Barker. A. F. Servin, for appellant. C. A. Flammer, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 131 App. Div. 934, 116 N. Y. Supp. 1138.

HOLLOWAY, Respondent, v. LUND, Appellant. (Supreme Court, Appellate Division, Fourth Department. February 2, 1910.) Action by Barbara Holloway against James N. Lund. No opinion. Judgment and order affirmed, with costs.

HOLT, Appellant, v. HOPKINS, Respondent. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Elise H. M. Holt against Franklin W. Hopkins. H. Hasbrouck, for appellant. A. Opdyke, for respondent. No opinion. Judgment (63 Misc. Rep. 537, 117 N. Y. Supp. 177) affirmed, with costs. Order filed.

HUNT v. CITY OF NEW YORK et al. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Appeal from Trial Term, New York County. Action by Isabella Hunt against the City of New York and another. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Affirmed. Myron Sulzberger, for appellant. Loyal Leale, for respondent City of New York. Theodore H. Lord, for respondent Baylis.

PER CURIAM. The only cause of action which the plaintiff had against the individual defendant was one not alleged in the complaint, and there was no evidence of negligence against the city. The judgment, therefore, should be affirmed, with costs to each of the respondents.

HURD, Respondent, v. INTERNATIONAL RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 9, 1910.) Action by Harrietta Hurd against the International Railway Company. No opinion. Judgment and order affirmed, with costs.

ISAACS et al., Respondents, v. HAINES REALTY CO., Appellant. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Louis M. Isaacs and others against the Haines Realty Company. B. G. Oppenheimer, for appellant. L. G. Rosenblatt, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

ISRAEL v. BLOCH. (Supreme Court, Appellate Term. February 24, 1910.) Appeal from Municipal Court, Borough of Manhattan, Eighth District. Action by Samuel A. Israel against Laura Bloch. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered. M. S. Schector, for appellant. Kauffman, Herzberg & Finkler, for respondent.

SEABURY, J. Plaintiff sues to recover commissions earned as a broker in procuring a loan upon premises owned by the defendant. The plaintiff proved that he was employed by the attorney for the defendant to act as broker. The defendant admitted that her attorney was authorized to act for her in this matter. It was conceded upon the trial that the plaintiff procured a lender ready and able to make the loan which the plaintiff had been authorized to secure. The learned trial court dismissed the complaint, upon the ground that it was understood between the parties that the plaintiff should not be authorized to act as broker without written authority. There was no evidence to sustain this view. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

JACKSON, Appellant, v. BOARD OF EDUCATION, Respondent. (Supreme Court, Appellate Division, First Department. February 4, 1910.) Action by Mary C. Jackson against the Board of Education. S. I. Frankenstein, for appellant. T. Connoly, for respondent. No opinion. Judgment affirmed, with costs, with leave to plaintiff to amend on payment of costs. Order filed.

JACKSON v. ROSENBROCK et al. (Supreme Court, Appellate Division, Second Department. March 4, 1910.) Action by Mary Ann Jackson against Sarah Maria Rosenbrock and others, in which Samuel Matthews appeals.

PER CURIAM. Order appealed from affirmed, in so far as to grant the reargument of the motion, and reversed, with $10 costs and disbursements, in so far as it grants the original motion, on the ground that, while the prior order of October 14, 1909, remains unvacated, the Special Term should not make an order denying the original motion. The whole matter is remitted to the Special Term, to be disposed of on the reargument of the motion.